UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELENER MCCAMEY,

Plaintiff,

v.

Case No. 26-cv-12943
Honorable Linda V. Parker

GRETCHEN WHITMER, et al.,

Defendants.
_____________________________/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING AS MOOT PENDING MOTIONS**

**Background**

Plaintiff Delener McCamey filed this lawsuit against fifty-five (55) Defendants on August 19, 2026. Defendants range from state and local officials, federal and state agencies, local police departments and officers and employees within those departments, a homeowners association and its president, a property management company and one of its supervisors, local cancer centers, several physicians, nurse and patient advocates, Federal Express Corporation, a local law school clinic, a plumbing company, an irrigation company, Blue Cross Blue Shield ("BCBS"), and the United States Attorney for the Eastern District of Michigan. Plaintiff also filed emergency motions to appoint counsel (ECF No. 4), for a temporary restraining order (ECF No. 5), and for immediate medical intervention

(ECF No. 6.) After her application to proceed in forma pauperis was denied (ECF No. 8), Plaintiff paid the filing fee for the action.

In her Complaint, Plaintiff says that she is an 80-year-old African American woman who was diagnosed with breast cancer. She describes problematic interactions with medical professionals, including an alleged physical assault by one doctor at a hospital in Dearborn, Michigan. It appears from later in the pleading that the medical providers have refused to provide Plaintiff care. Plaintiff attributes this denial of care to race discrimination and retaliation.

Plaintiff then describes a battle with her homeowner's association and its president, and the property management company and its supervisor who perhaps work for the HOA, which was "[p]arallel to this medical harassment[.]" Plaintiff claims local police and sheriff's departments and federal agencies failed to protect her from these assaults and civil rights violations. She alleges that a local law school's clinical program also failed to respond to her requests for legal intervention.

Plaintiff appears to believe that Defendants are working or conspiring together "through a 'white-default' system." There are no allegations in the Complaint, however, from which to conclude that Plaintiff race has been a factor in any alleged conduct or that a conspiracy exists.

Plaintiff describes events going twenty (20) years back, as well as actions that happened more recently. Plaintiff says she was diagnosed with cancer in March 2025, so it seems the allegations against medical centers and medical care providers related to her cancer treatment are recent. Some of the alleged misconduct is undated.

In her motion for TRO, Plaintiff discusses BCBS of Michigan's refusal to conduct an emergency expedited review of the total abandonment of her care by the University of Michigan and Trinity Health. She does not specifically indicate what injunctive relief she is seeking, and it is unclear whether it is expedited review by BCBS or some immediate medical care by an unspecified provider. Plaintiff does seek "immediate medical intervention" in a separate motion, although it again is unclear from whom. Plaintiff expressly states that she feels "the University of Michigan, Trinity Health, and Karmanos are no longer safe medical environments for her to receive safe medical care."

**Standard of Review**

"Pro se complaints must be liberally construed and 'held to less stringent standards than' those used in evaluating pleadings submitted by attorneys." *Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the

plaintiff the opportunity to amend the complaint." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). "Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

The Sixth Circuit has advised that sua sponte dismissal is appropriate only "in the 'rarest' circumstance[,]" and not when the court is "merely skeptical about a plaintiff's ability to ultimately state a claim under Rule 12(b)(6)." *Zareck*, 809 F. App'x at 305 (quoting *Apple*, 183 F.3d at 479-80). Yet, federal courts are courts of limited jurisdiction and must sua sponte dismiss a complaint where federal subject matter jurisdiction is lacking. *See Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (citing *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).

**Analysis**

Plaintiff's Complaint falls within those rare pleadings that are subject to summary dismissal pursuant to Rule 12(b)(1). To the extent this Court has subject matter jurisdiction over the Complaint, it would be pursuant to 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) a right secured by the

Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *Foy v. City of Berea*, 58 F.3d 227, 229 (6th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to allege facts to hold any state actor liable for any violation of her rights under the Constitution or a federal law. She alleges no personal involvement of many named defendants. As to her assertion that a number of the named defendants failed to investigate her complaints of assault or discrimination, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir.1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). "Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims . . .." *Mayes v. Potter*, No. 5:02-cv-18, 2003 WL 23220738, at * (W.D. Mich. May 22, 2003) (citing *Terry v. EEOC*, 21 F. Supp. 2d 566, 567 (E.D. Va. 1998)); *see also Darby v. U.S. Dep't of Energy*, No. 05-4325, 2006 WL 7348136, at *6 (6th Cir. June 9, 2006) (citing *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984)). While Plaintiff claims

the failure to act was based on race, the assertions are conclusory, without any facts alleged in support.

The same is true of Plaintiff's claim that the affirmative acts of some named parties were based on her race. She alleges no facts to conclude that any Defendant engaged in the misconduct alleged because of her race. And to the extent the Complaint can be liberally construed as alleging that Defendants conspired to discriminate against her based on race, the allegations similarly are too vague and conclusory to state a conspiracy claim. *Hall v. Board*, No. 24-3797, 2025 WL 2639656, at *3 (6th Cir. Apr. 17, 2025) (citing *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)). Absent a conspiracy, Plaintiff cannot state a § 1983 claim against the private actors named as defendants.[1]

In addition to failing to allege the personal involvement of some state or federal actors or conduct violating any of Plaintiff's constitutional rights, a number of defendants are entitled to sovereign immunity. This includes Michigan Governor Gretchen Whitmer, Michigan Attorney General Dana Nessel, and the Director of the Michigan Department of Civil Rights. *See Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) (citations omitted). "[T]he United States, as

[1] There are other scenarios, aside from joint engagement, where the conduct of a private entity may be "fairly attributable to the State." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752-53 (6th Cir. 2020 (quoting *Filarsky v. Delia*, 566 U.S. 377, 383 (2012)). However, Plaintiff's Complaint does not suggest that these other scenarios are at play.

sovereign, is generally immune from suits seeking money damages[.]" *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 465 (2024) (citation omitted). Further, police and sheriff's departments are not entities subject to suit under § 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983).

For these reasons, the allegations in Plaintiff's Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. Thus, the Court is **SUMMARILY DISMISSING** Plaintiff's Complaint. Having reached this conclusion, the Court denies as moot Plaintiff's pending motions (ECF Nos. 4-7).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 9, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager